# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIGO ENERGY INC.<br><br>*Plaintiff*,<br><br>v.<br><br>SMA SOLAR TECHNOLOGY AMERICA LLC and SMA SOLAR TECHNOLOGY AG,<br><br>*Defendants*. | C.A. No. 22-915-GBW |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM ADAM W. POFF
IN RESPONSE TO PLAINTIFF'S JULY 12, 2023 DISCOVERY DISPUTE LETTER**

Dated: July 18, 2023

OF COUNSEL:

Philip W. Marsh
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
Facsimile: (650) 319-4700

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Counsel for Defendants
SMA Solar Technology America LLC and SMA
Solar Technology AG*

Dear Judge Williams:

Defendant SMA Solar Technology America LLC ("SMA America") submits this letter in opposition to Tigo Energy Inc.'s ("Tigo's") letter brief (D.I. 65) seeking compelled production of documents and supplementation of RFA responses.

**1.   Tigo's Motion to Compel for Production Should be Denied**

SMA America has already produced or agreed to produce the non-privileged documents in its possession, custody, or control, but the Court should reject Tigo's improper request to compel SMA America to produce documents held by its German parent, SMA Solar Technology AG ("SMA AG"), as SMA America does not have possession, custody, control of, or a legal right to obtain SMA AG's documents.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless the proceeding is an exempt proceeding. Fed. R. Civ. P. 26(d)(1). Document requests may be served early *if* they are served "[m]ore than 21 days after the summons and complaint are served on a party," but they are still "considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2), 34(b)(2)(A). *Reardon v. Mondelli*, No. 15-5520-NLH-AMD, 2016 WL 11817182, at *2 (D.N.J. May 18, 2016).

Tigo is not able to properly serve SMA AG with discovery requests because SMA AG has not appeared in the case (aside from its limited appearance to timely dispute jurisdiction, process, and service of process, as well as Tigo's failure to state a claim), and is generally not available to be served discovery under the rules, and because of the Court's lack of personal jurisdiction over it. *Id.*; *see also* D.I. 36. SMA AG has also not been served the summons and complaint, and has not participated in a Rule 26(f) conference with Tigo, as required by the rules. Fed. R. Civ. P. 26(d)(2), 34(b)(2)(A). As such, SMA AG is not required to participate in discovery, unless the Court orders discovery related to its challenges to the sufficiency of service or personal jurisdiction. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (Plaintiffs should not be entitled to "undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery."). Tigo tacitly acknowledges this limitation by moving to compel production from SMA America and not SMA AG in its brief. *See* D.I. 65.

Tigo argues that discovery against SMA AG should continue notwithstanding SMA AG's motion to dismiss. But Tigo fails to address the relevant rules or jurisdictional issues, and cites a case that involved a motion to dismiss for failure to state a claim, but did not involve a personal jurisdiction challenge, or challenges to the sufficiency of process or service of process, such as those at issue here. *See Liqwd, Inc. v. L'Oréal United States, Inc.*, No. 17-14-JFB-SRF, 2019 WL 366223 at *n.3 (D. Del. Jan. 30, 2019). Indeed, if SMA AG were to participate in discovery, that could be viewed as waiving its personal jurisdiction arguments.

Tigo's claims that SMA America has possession, custody and control over documents held by SMA AG are baseless and false. SMA America and SMA AG are separate corporate entities that observe their own corporate formalities under governing laws and regulations. As courts in this District have long recognized, "[a] subsidiary, by definition, does not control its parent corporation" and "the separate and distinct corporate identities of a parent and its subsidiary are

not readily disregarded," except in certain rare circumstances not applicable here. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005). Contrary to Tigo's arguments, SMA America has no **legal right** to obtain SMA AG's documents. *Id.* at 145; *see also Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, 316 F.R.D. 89, 90 (D. Del. 2016) ("documents are in the 'control' of a litigating party if that party has the 'legal right to obtain the documents required on demand' from the non-party corporation") quoting *Inline Connection Corp. v. AOL Time Warner Inc.*, No. 02-272-MPT, 2006 WL 2864586, at *1 (D. Del. Oct. 5, 2006); *Id.* at 91 ("control has been found only where (1) 'the sister corporation was found to be the alter ego of the litigating entity[;]' or (2) 'the litigating corporation had acted with its sister in effecting the transaction giving rise to suit and is litigating on its behalf[.]') quoting *Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue*, 839 F.2d 131, 141 (3d Cir. 1988); *Re XPRT Ventures, LLC v. eBay, Inc.*, No. 10-595-SLR, 2011 WL 13142141, at *11 (D. Del. June 15, 2011) ("The Court has defined the term, 'control,' as "the 'legal right to obtain the documents required on demand'") quoting *Inline*, 2006 U.S. Dist. LEXIS 72724, at *3.

Tigo "bears the burden of establishing [SMA America's] control over th[e] documents" it seeks and showing the circumstances warrant piercing the corporate veil. *Princeton Digital*, 316 F.R.D. at 90-91; *Gerling*, 839 F.2d at 140.[1] But none of Tigo's arguments establish this. For example, none of the facts that Tigo argues—*e.g.*, that SMA AG manufactures, develops, services warranties for, owns trademarks for, or obtains SunSpec certifications for the accused products, or that SMA AG invested in Tigo establish that SMA America has the **legal right** to obtain SMA AG's documents. SMA America does not, and Tigo's motion to compel SMA AG documents from SMA America should be denied.

**2. There is No Need for SMA America To Supplement its RFA Responses**

SMA America has already responded to Tigo's Requests for Admission ("RFAs"), based on the information currently available to it, and will supplement its responses, if and when the new information becomes available, as required under the rules. *See* Fed. R. Civ. P. 26(e). Tigo's request that SMA America be compelled to supplement its responses at this time is premature and should be denied for that reason alone.

But there is an even more significant problem with the RFAs. Although Tigo's letter brief discusses SMA America's contract-related defense and counterclaims, the RFAs at issue are actually intended to force SMA America to admit the ultimate issue of infringement, which is improper. *Fulhorst v. United Techs. Auto., Inc.*, No. 96-577-JJF, 1997 WL 873548, at 2 (D. Del. Nov. 17, 1997) ("[R]equests that seek legal conclusions are not appropriate under Rule 36."); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002), *aff'd and adopted sub nom. Tulip Computer Int'l B.V. v. Dell Computer Corp.*, No. 00-981-KAJ, 2003 WL 24046752 (D. Del. Feb. 10, 2003) (same) ("[D]etermining whether a product or process infringes or whether infringement has occurred involves the requirement of claim construction, which is a

---

[1] Tigo's other cases are distinguishable. *Afros* involved a general disregard for corporate formalities that justified piercing the corporate veil under the alter-ego doctrine. There are no such facts here. *See Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 131-32 (D. Del. 1986). *Cooper* involved a domestic entity with control over documents located in a foreign country. *Cooper Indus., Inc. v British Aerospace, Inc.* 102 F.R.D. 918, 920 (S.D.N.Y. 1984).

legal determination within the province of the court. . . . As a result, requests directed towards applying the claims of the patent or requiring application of the claims prior to any Markman ruling are not the application of law to facts relevant to the case, but in reality are requests for legal conclusions and therefore, improper.").

Under the applicable rule, a party is required to timely respond to RFAs, state any relevant objections, and either admit, specifically deny, or state in detail why the answering party cannot truthfully admit or deny the RFA. Fed. R. Civ. P. 36(a)(4). SMA America is not required to give a "mere yes (admit) or no (deny) response," as Tigo contends, or provide a final legal conclusion concerning infringement, and that portion of Tigo's motion should be denied accordingly.

And even if Tigo's RFAs were not facially improper (which they are), demanding responses about the ultimate issue of infringement at this stage of the case—before a *Markman* decision,[2] in the middle of fact discovery, and before expert discovery—is at a minimum premature. SMA America timely and properly objected to these requests as improperly seeking a legal conclusion and expert opinion/discovery, and premature in view of the status of the case.

Tigo's claims that it should be able to secure such an infringement admission because SMA America's contract-related defense and counterclaims require that at least one of the asserted patents has "Necessary Claims," which are claims that necessarily practice the SunSpec Rapid Shutdown ("RSD") Specification. But even the term "Necessary Claims" is a legal term and part of a contract that requires legal interpretation. And Tigo reveals its actual focus on infringement, asking about the asserted patents "covering" the specification, being "necessarily infringed" by implementing the specification, or "avoid[ing] infringement." Moreover, SMA America has pleaded and shown evidence that ***Tigo itself*** admits and argues that claims of the Asserted Patents in this case are "Necessary Claims," which is sufficient for its contract-related defense and counterclaims. *See, e.g.* D.I. 23 at 3-5; *see also* D.I. 65, Ex. 3 (responses to RFAs).

Accordingly, SMA America believes that it has complied with its obligations under the applicable rule. That said, if the Court wishes SMA America to more clearly articulate "why [it] cannot truthfully admit or deny" Tigo's RFAs, SMA America would be happy to clarify its responses further. Otherwise, Tigo's motion regarding its RFAs should be denied.

Respectfully submitted,

*/s/ Adam W. Poff*

Adam W. Poff (No. 3990)

cc: All counsel of record (via CM/ECF)

---

[2] *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (claim construction by Court is required to determine infringement).

3