IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIGO ENERGY INC., *Plaintiff,* v. SMA SOLAR TECHNOLOGY AMERICA LLC and SMA SOLAR TECHNOLOGY AG, *Defendants.* | C.A. No. 22-915-GBW **JURY TRIAL DEMANDED** ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ **PUBLIC/REDACTED VERSION** |

### PLAINTIFF'S OPPOSED MOTION TO AMEND THE SCHEDULING ORDER

Tigo respectfully requests that the Court modify the scheduling order to permit Tigo to use documents that the SMA defendants produced a month after the deadline the Court set for their production. On October 30, 2024, the Court ordered SMA to produce documents by November 13, 2024. On December 13, 2024—a month after the deadline, and the date reply expert reports were due—SMA produced over 4,500 documents totaling about 82,000 pages. That single production contained more documents and pages than all SMA's previous document productions combined (3,226 documents/64,000 pages).

Tigo respectfully requests that the Court modify the scheduling order to permit Tigo to use the documents produced on December 13, 2024. Specifically, Tigo requests that the Court: (1) allow Tigo to serve supplemental expert reports that rely on those documents; (2) adjust the deadlines for close of expert discovery, case dispositive motions, and *Daubert* motions in view of the need for supplemental expert reports, and (3) reopen fact discovery for the limited purpose of granting Tigo up to eighteen (18) hours of fact deposition testimony regarding documents produced after the close of fact discovery. There is good cause for these amendments because the documents appear to be highly relevant to disputed issues in the case—many describe the research

1

and development of the Accused Products—and because SMA produced them after a Court-ordered deadline, after it was too late for Tigo's experts to consider them in issuing their reports, and well after the close of fact discovery.

## I. BACKGROUND

### A. The Court's October 30, 2024 Order Granting Tigo's Motion to Compel

In the last week of September, during the depositions of SMA's 30(b)(6) witnesses, Tigo learned that SMA had not produced many relevant documents in its possession, including many core technical documents and documents related to the research and development of the accused products. (*See* D.I. 175). Tigo promptly moved to compel production of these documents, and on October 30, 2024, the Court ordered SMA to produce documents in response to Tigo RFPs 1-4, 11, 33-35, 37-42, 46-47, 49-56, 58-59, and 61-62. (*See* Ex. 1, Oct. 30 Tr.). SMA was ordered to produce all documents responsive to the RFPs within 14 days (by November 13, 2024) and to produce all documents containing third-party confidential information within 21 days (by November 20, 2024) to give third-parties time to object.  (*Id.* at 42:23-43:5).

### B. SMA's Substantial Failure to Comply with the October 30, 2024 Order and Prejudice to Tigo

SMA made limited productions on November 13 (243 documents) and November 20 (344 documents). Tigo identified numerous, substantial issues with SMA's productions in correspondence sent on November 18 and 22 (Exs. 2, 3). Initially, SMA refused to produce any additional documents or information—asserting on December 3, 2024, that it "has searched for and produced all responsive documents," "is unaware of any other relevant documents," and "is not intentionally withholding any documents responsive to these requests." (Ex. 4). However, on December 13, 2024—one month after the Court ordered deadline, and on the day reply expert reports were due—SMA produced another 4,547 documents (over 82,000 pages) responsive to the

2

Court's Order. (Ex. 5). This was more documents and more pages than SMA had previously produced during the entire case.[1] Most of these documents appear to be related to the research and development of the accused products, and are both technical in nature and in German. SMA also admitted that several representations it made to the Court and to Tigo concerning the documents and information in its possession were incorrect, and asserted that SMA would try to work with Tigo to reach an agreement on supplementing expert reports in view of the timing of the production. (*Id.*). SMA, to date, has provided no explanation for its untimely production of its R&D documents even though they describe the hardware and software that is at the core of Tigo's infringement case.

This late production has prejudiced Tigo and prevents compliance with the existing case schedule. They were produced on the same day that reply expert reports were due, so there was no time for Tigo's experts to consider them in issuing their reports. And instead of turning to expert depositions in December, Tigo was forced to review a large and belated document production that appears highly relevant. In view of the size and relevance of the production, Tigo wrote to SMA on December 20 requesting that SMA agree to the relief Tigo seeks from the Court herein. (Ex. 6). Despite numerous discussions between the parties, no agreement could be reached.[2]

In light of the size and importance of the December 13, 2024 production, as well as the fact that much of it is in German, Tigo needs additional time to review those documents and prepare

---

[1] SMA had produced 3,226 documents totaling 64,000 pages prior to the December 13, 2024. production.

[2] *See e.g.* Exs. 8, 9 (emails related to attempted compromise). Additionally, the parties may still have disputes about documents that Tigo believes SMA may be withholding despite being responsive to the Court's Order. Tigo notified SMA of its continuing deficiencies in correspondence sent on January 6, 2025. (Ex. 7). SMA has yet to respond to that letter and Tigo expects that it may be forced to raise another discovery dispute with the Court to enforce the Court's October 30, 2024 Order if SMA does not promptly produce the withheld documents that Tigo has been seeking for months.

supplemental expert reports. SMA has requested that it be permitted to issue supplemental rebuttal reports responding to Tigo's reports, and Tigo does not oppose this so long as the adjusted case schedule permits both sides time to take expert depositions after the supplemental reports are completed.

## II.    LEGAL STANDARD

Pursuant to Rule 16(b), "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003).

## III.   ARGUMENT

### A.  There is Good Cause to Modify the Court's Scheduling Order

Good cause exists "when the ordered schedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Med, Inc. v. RyMed Techs., Inc.*, 674 F.Supp.2d 574, 577 (D. Del. 2009). This inquiry "hinges on diligence of the movant." *Id.*

#### i.    There is Good Cause to Allow for Supplemental Expert Reports

Tigo has diligently sought the documents SMA produced on December 13, 2024. As described above, Tigo moved to compel their production promptly after learning in late September 2024 that SMA had not produced many relevant documents in its possession. The Court ordered SMA to produce documents in November 2024. Tigo was again diligent in reviewing the Court-ordered document productions that SMA made on November 13 and November 20: Tigo pointed out deficiencies in those productions on November 18 and 22, respectively. Tigo was also diligent in incorporating documents from those November productions into its Reply Expert Reports served on December 13, 2024.

However, it was not possible for Tigo's experts to consider the documents produced on

4

December 13 in issuing their reports, as those documents were produced the same day that the final set of expert reports was due. Accordingly, there is good cause to amend the Scheduling Order to permit Tigo to review the December 13 production, and to prepare and serve supplemental expert reports that address those documents. These supplemental expert reports would be limited to addressing the newly-produced documents. Tigo expects to be able to complete its document review and prepare and serve supplemental expert reports by January 31, 2025.

Tigo does not oppose permitting SMA to serve supplemental rebuttal reports limited to addressing the supplemental content in the reports served by Tigo. Tigo understands that SMA would like to have 3 weeks to prepare and serve supplemental rebuttal reports, i.e., until February 21, 2025.

### ii. There is Good Cause to Modify The Case Schedule

In light of the foregoing, there is also good cause to modify the deadlines for close of expert discovery, dispositive motions, and *Daubert* motions. It would not make sense for the parties to take expert depositions before supplemental expert reports are issued, as this would likely result in a need to reopen each of those depositions. Thus, there is good cause to extent the close of expert discovery until after SMA serves its supplemental rebuttal reports. Tigo requests that the Court re-set the close of expert discovery to March 14, 2025, which is three weeks after the date proposed for SMA to serve its supplemental rebuttal reports. Tigo also requests that the Court modify the deadlines for dispositive motions and *Daubert* motions so that they occur after the close of expert discovery, as set forth in the table below. As shown below, Tigo's proposed modifications will not affect the deadlines for the pretrial order, pretrial conference, or trial.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Tigo Supplemental Expert Reports (limited to new documents) | n/a | January 31, 2025 |
| SMA Supplemental Rebuttal Reports (limited to new documents) | n/a | February 21, 2025 |
| Close of Expert Discovery | January 10, 2025 | March 14, 2025 |
| Deadline to complete in person mediation and file status report | February 17, 2025 | No change |
| Case Dispositive Motions, *Daubert* Motions, and Opening Briefs Due | February 10, 2025 | April 11, 2025 |
| Close of Briefing for Case Dispositive Motions | March 14, 2025 | May 16, 2025 |
| Pretrial Order, Jury Instructions, Voir Dire, and Special Verdict Forms | November 18, 2025 | No change |
| Pretrial Conference | November 25, 2025 at 3:00 p.m. | No change |
| Trial (Five Days) | December 2, 2025 at 9:30 a.m. | No change |
| Judgment on Verdict and Post-Trial Status Report | Within seven (7) days of jury verdict | No change |

The schedule Tigo proposes above will allow orderly completion of expert discovery, case dispositive and *Daubert* motions, and will not disrupt the scheduled trial date. Good cause exists for these modifications because, as explained above, they are needed to address SMA's failure to provide more than half of its document production until after the close of fact discovery and a month after the deadline the Court set in granting Tigo's motion to compel.

### iii. There is Good Cause to Reopen Fact Discovery to Allow Tigo to Take Depositions on the Newly Produced Documents

The documents produced by SMA on November 13, November 20, and December 13 have almost tripled the size of SMA's document production and contain the relevant R&D

6

documentation for the Accused Products. At the time Tigo took the depositions of SMA's witnesses in late September, SMA had produced 2,639 (55,000 pages) documents. SMA has now produced 7,773 documents (146,000 pages).

The documents produced by SMA in November and December are all relevant to Tigo's 30(b)(6) deposition topics (and Tigo's Interrogatories). The majority of them appear to be R&D documents concerning the Accused Products. Simple word searches in these productions make clear that these documents should have been produced prior to the depositions of SMA's witnesses. For example: 209 documents reference the accused JMS-F device, 795 documents reference Tigo, 1,007 documents name at least one of SMA AG's four technical witnesses (███████████ ████████████████████), 1,397 documents refer to SunSpec or the SunSpec standard that Tigo accuses of infringing its rapid-shutdown patents, and 2,223 documents reference the ████████████████████████████████ concerning the accused SMA inverters. Due to the fact that SMA did not produce these documents until after the depositions of SMA's witnesses, Tigo was not able to question SMA's witnesses concerning those documents or the many relevant issues that they discuss. Tigo is faced with substantial prejudice by not being able to depose SMA's 30(b)(6) witnesses on the majority of SMA's document production, including 1) documents on the Accused Functionality in the SMA inverters, and 2) all documents concerning the Accused Functionality in the JMS-F rapid shutdown switches. Thus, there is good cause for depositions with SMA's witnesses limited to the documents produced after the close of fact discovery. SMA has provided no basis to refuse to produce its witnesses again, given its failure to search for and produce these documents earlier. Accordingly, Tigo requests that SMA be required to provide its witnesses for an additional 18 hours of deposition on the newly produced documents at a time convenient for the witnesses and the parties. This amount of additional time is reasonable

7

in light of the fact that SMA's document production has almost <u>tripled</u> in size since the depositions occurred, and because three of the four technical witnesses testified in German, requiring translation of the depositions.

Finally, Tigo requests that these depositions occur after the deadline for case dispositive and *Daubert* motions (but before trial) so that they do not disrupt the proposed case schedule.

## IV. CONCLUSION

For the reasons discussed above, Tigo respectfully requests that the Court issue a scheduling order adopting the deadlines and relief proposed above.

OF COUNSEL:

Nicholas Brown
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 655-1300
brownn@gtlaw.com

Jeffrey R. Colin
Brian Prew
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
colinj@gtlaw.com
prewb@gtlaw.com

Stephen M. Ullmer
Leif Olson
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
Telephone: (303) 572-6500
ullmers@gtlaw.com
olsonl@gtlaw.com

Dated: January 9, 2025

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
Renée Mosley Delcollo (#6442)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7352
schladweilerb@gtlaw.com
renee.delcollo@gtlaw.com

*Counsel for Plaintiff and Counterclaim Defendant Tigo Energy Inc.*

ACTIVE 706079322v1

## **LOCAL RULE 7.1.1 CERTIFICATION**

Pursuant to D. Del. LR 7.1.1, undersigned counsel hereby avers that a reasonable effort was made to reach agreement with opposing counsel regarding the subject matter of this Motion, including oral communication involving Delaware counsel, but no agreement was reached.

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, true and correct copies of the foregoing document were caused to be served on the following counsel as indicated:

**BY E-MAIL**
Adam W. Poff
Young, Conaway, Stargatt & Taylor LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com

*Counsel for Defendant and Counterclaim Plaintiffs SMA Solar Technology America LLC and SMA Solar Technology AG*

**BY EMAIL**
Philip W. Marsh
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
(650) 319-4500
philip.marsh@arnoldporter.com

*Counsel for Defendant and Counterclaim Plaintiffs SMA Solar Technology America LLC and SMA Solar Technology AG*

　　　　　　　　　　　　　　　　*/s/ Benjamin J. Schladweiler*
　　　　　　　　　　　　　　　　Benjamin J. Schladweiler (#4601)

ACTIVE 706079322v1